STATE v. JAMES W. FLINCHEM, JR.,
and
STATE v. JAMES W. FLINCHEM, JR.

(Filed 5 November, 1947.)

**1. Automobiles § 30d—**

Testimony of witnesses to the effect that while defendant was unconscious from a blow on the head received in the collision they smelled the odor of alcohol on his breath, with testimony of the opinion of one of them from such observation that defendant was under the influence of some intoxicant, though witness would not undertake to say he had enough to intoxicate him while driving, *is held* no substantial evidence that defendant was under the influence of intoxicants as defined by the statute while driving prior to the accident, and defendant's motion to nonsuit in a prosecution under G. S., 20-138, should have been allowed.

**2. Automobiles § 29b—**

An instruction that if the jury is satisfied beyond a reasonable doubt that defendant is guilty of reckless driving to convict him, otherwise to acquit him, is insufficient in a prosecution under G. S., 20-140, to meet the requirements of G. S., 1-180, since it fails to explain the law or apply the law to the facts as the jury should find them to be.

APPEAL by defendant from *Clement, J.,* at August Term, 1947, of WILKES.

The defendant was indicted in one case for operating a motor vehicle on the highway while under the influence of intoxicating liquor, and in the other for reckless driving. The two cases were tried together.

The State's evidence tended to show that on the night of 1 April, 1947, the defendant was driving his automobile on the highway from North Wilkesboro toward Elkin; and that a collision occurred between his automobile and one being driven in the opposite direction by the witness H. T. Davis. At the point of collision the road was straight and the paved surface 20½ feet wide. As the cars approached both drivers dimmed their lights. In passing the defendant drove his automobile two feet over and beyond the center of the highway and struck or sideswiped Davis' automobile, damaging it, and the defendant himself was thrown out of his automobile and rendered unconscious by the impact, while his automobile rolled 170 feet further before coming to rest. Davis testified

that he himself was on his own side of the road, and that the defendant "was going at a pretty good rate of speed." Davis further testified that he got out of his car, went to where the defendant lay unconscious, and that he smelled "a foreign odor coming from Flinchem—some kind of intoxicating drink," and that in his opinion he was under the influence of some intoxicant. Also, a nurse at the hospital to which the defendant was immediately taken testified she smelled an odor from the mouth of the unconscious man which induced the opinion she expressed that he was under the influence of intoxicants, but she testified she would not undertake to say whether he had enough whiskey to intoxicate him when he was brought to the hospital, or how he was feeling when the collision occurred. He had a deep cut on the head and was bleeding and unconscious from the injury. T. G. Roberts, the highway patrolman who investigated the collision, a State's witness, testified he saw the defendant in the hospital shortly after he was taken there, was near him, but did not smell "a sign of any intoxicating odor."

The defendant testified that he had had nothing intoxicating to drink that day or for sometime prior; that he was driving on his own side of the road, and as Davis' car approached the light from it was flashed in his face, and the next thing he knew he was in the hospital.

The jury rendered verdict of guilty in both cases, and from judgments imposing sentence in each case, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Trivette, Holshouser & Mitchell for defendant, appellant.*

No. 226: OPERATING MOTOR VEHICLE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR.

DEVIN, J. A careful examination of the testimony offered by the State in support of the charge of driving an automobile while under the influence of intoxicating liquor, in violation of G. S., 20-138, leads us to the conclusion that it lacks sufficient probative value to warrant submission to the jury, and that defendant's motion for judgment of nonsuit as to this charge should have been allowed.

The testimony of two witnesses to the effect that from the detection of some "foreign" odor of an intoxicant from the mouth of a man whom they had not seen before, and who had been knocked unconscious by a blow on the head, they were of opinion he was under the influence of intoxicating liquor, standing alone, was insufficient to constitute substantial evidence that the man, previously, while driving an automobile on the highway, had been under the influence of intoxicants to the extent held necessary in *S. v. Carroll,* 226 N. C., 237, 37 S. E. (2d), 688, to

constitute violation of the statute. We note also that another State's witness, with apparently equal opportunity, detected no odor of intoxicant from the unconscious defendant.

### No. 227: RECKLESS DRIVING.

Upon the evidence offered pertaining to the charge of reckless driving of an automobile, in violation of G. S., 20-140, we think defendant's motion for judgment of nonsuit was properly overruled. However, we think defendant's exception to the court's instructions to the jury in this case must be sustained, entitling the defendant to another trial.

The court in charging the jury as to this case only read the statute and then instructed the jury, "If you are satisfied beyond a reasonable doubt that defendant is guilty of reckless driving you would convict him of that; if not, you would acquit him of that." This charge fails to comply with the requirement of the statute, G. S., 1-180, that the trial judge "shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." No explanation of the law was attempted nor was any guide given the jury in the application of the law to the facts as they should find them to be. *S. v. Fulford,* 124 N. C., 798, 32 S. E., 377; *Williams v. Coach Co.,* 197 N. C., 12, 147 S. E., 435; *McNeill v. McNeill,* 223 N. C., 178, 25 S. E. (2d), 615.

In No. 226: Reversed.
In No. 227: New trial.