## STATE v. JAMES W. HOUGH.

(Filed 24 November, 1948.)

**Automobiles § 30d—**

Officers who reached the scene of the accident some thirty minutes after it occurred testified that in their opinion defendant driver was intoxicated or under the influence of something, and one of them testified that he smelled something on defendant's breath, but both testified that they did not know whether defendant's condition was due to drink or to injuries sustained by him in the accident. *Held:* The evidence raises no more than a suspicion or conjecture as to whether defendant was driving under the influence of liquor or narcotic drugs, and defendant's motion as of nonsuit should have been allowed. G.S. 20-138.

APPEAL by defendant from *Coggin, Special Judge,* at June Criminal Term, 1948, of MECKLENBURG.

Criminal prosecution tried upon a warrant charging the defendant with operating a motor vehicle upon the public highway while under the influence of intoxicants.

The State's evidence tends to show that the defendant, on 8 May, 1948, about 11:00 p.m., was operating a 1941 Buick Sedan on the Beatties Ford Road, which turned over and injured him. The officers who testified for the State arrived at the scene of the wreck 25 or 30 minutes after the wreck occurred. One of the officers testified: "In my opinion Mr. Hough was under the influence of some intoxicant when I observed him that night. I base my opinion on the fact that I smelled something on his breath." On cross-examination, he testified: "Yes, Mr. Hough complained of some injuries which he received in the wreck. I don't know what injuries he received, but I heard he was in the hospital ten days. No, I do not know whether his condition which I observed that night was due to his injuries, or to what he had to drink. I could not tell." The other officer testified: "In my opinion he was intoxicated or under the influence of something." Then on cross-examination, he testified: "No, I don't know just what injuries Mr. Hough received when his car turned over. I heard he was in the hospital, later. He did complain of his back hurting him that night. No, I don't know whether Mr. Hough's condition which I observed that night came from what he had had to drink, or whether it came from his injuries he sustained. I took him to Memorial Hospital, where his wounds were dressed and strapped up. Then we came back to the police station. Yes, I allowed him to go home without being confined to jail, due to the fact that he was injured."

The defendant testified he drank three bottles of beer between noon and 7:30 p.m., on 8 May, 1948, but that he had not had anything to drink between 7:30 p.m. and 11:00 o'clock, when the accident occurred; that

as he was rounding a curve on Beatties Ford Road about 10 miles from Charlotte, and at about the sharpest point in the curve, the sway-bar underneath his car broke and tilted the car over; that X-rays made at Mercy Hospital the following day showed he had three broken ribs and two broken vertebrae; that he stayed in the hospital ten days and had to wear a back brace after he got out.

From a verdict of guilty and the judgment entered thereon, the defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Carl Horn, Jr., and G. T. Carswell for defendant.*

DENNY, J. The defendant challenges the correctness of the court's ruling below, denying his motion for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence.

We said in *S. v. Carroll,* 226 N. C. 237, 37 S. E. (2) 688: "We realize the necessity for strict enforcement of the statutes enacted for the protection and safety of the public in the use of our highways, but, before the State is entitled to a conviction under G.S. 20-138, . . . it must be shown beyond a reasonable doubt that the defendant was driving a motor vehicle on a public highway of this State, while under the influence of intoxicating liquor or narcotic drugs. And a person is under the influence of intoxicating liquor or narcotic drugs, within the meaning and intent of the statute, when he has drunk a sufficient quantity of intoxicating beverage or taken a sufficient amount of narcotic drugs, to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties."

In the instant case, all the evidence we have as to whether or not the defendant drove his automobile on a public highway while under the influence of an intoxicant, came from the officers who reached the scene of the wreck about thirty minutes after it occurred. One of them testified that he based his opinion as to the intoxicated condition of the defendant on the fact that he smelled something on his breath. The other testified that in his opinion the defendant was intoxicated or under the influence of something. But both witnesses testified that they did not know whether or not the defendant's condition which they observed that night came from what he had to drink or whether it came from the injuries he sustained. If the witnesses who observed the defendant immediately after his accident, were unable to tell whether or not he was under the influence of an intoxicant or whether his condition was the result of the injuries he had just sustained, we do not see how the jury could do so. It

is disclosed by the testimony that the defendant was suffering at the time from painful and serious injuries sustained when his car overturned.

We do not think this evidence is sufficient to raise more than a suspicion or conjecture as to whether or not the defendant at the time of his injury, was under the influence of liquor or narcotic drugs within the meaning of G.S. 20-138, and construed in *S. v. Carroll, supra. S. v. Flinchem,* 228 N. C. 149, 44 S. E. (2) 724; *S. v. Murphy,* 225 N. C. 115, 33 S. E. (2) 588; *S. v. Boyd,* 223 N. C. 79, 25 S. E. (2) 456; *S. v. Todd,* 222 N. C. 346, 23 S. E. (2) 47.

The defendant's motion for judgment as of nonsuit should have been allowed.

Reversed.