STATE v. EDWARD COLLINS, JR.

(Filed 27 November, 1957)

1. **Automobiles § 71: Criminal Law § 38—**

Testimony of an officer that when he apprehended defendant some 45 minutes after the accident in question defendant was in a sordid, drunken condition, and testimony of an expert, based upon a blood test taken while defendant was still in the custody of the officer, that defendant was intoxicated, *held* not too remote in point of time and was competent.

2. **Automobiles § 72—Evidence of defendant's guilt of driving on a public highway while under the influence of an intoxicant held sufficient.**

> Evidence tending to show that defendant drove his automobile on the left side of the highway, crashing into a vehicle being operated in the opposite direction, which had two wheels off the highway on its right side of the road, together with testimony that defendant was in a sordid and drunken condition when apprehended by the officer some 45 minutes after the collision, together with other evidence in the case, considered in the light most favorable to the State, *is held* sufficient to overrule defendant's motion to nonsuit in a prosecution for driving upon a public highway while under the influence of intoxicating liquor. G.S. 20-138.

APPEAL by defendant from *Olive, J.,* May Criminal Term 1957 of GUILFORD, Greensboro Division.

Criminal prosecution upon two warrants: one, charging the defendant with operating an automobile upon a highway within the State, while under the influence of intoxicating liquor, a violation of G.S. 20-138, and the other, apparently charging him with a violation of G.S. 20-166 (c)—duty to stop in event of accident; accident reports—, heard upon appeal by the defendant from a judgment holding him guilty in both cases and imposing punishment upon him in the Municipal County Court of the City of Greensboro.

The defendant entered a plea of Not Guilty in both cases.

At the close of the State's case, the court sustained defendant's motion for a judgment of nonsuit on the warrant apparently charging a violation of G.S. 20-166 (c), and overruled his motion for judgment of nonsuit on the warrant charging him with driving an automobile while under the influence of intoxicating liquor. The warrant apparently charging a violation of G.S. 20-166 (c) is not in the record. It is referred to as a hit and run warrant.

The jury returned a verdict of Guilty as charged in the warrant charging defendant with driving an automobile upon a highway within the State, while under the influence of intoxicating liquor.

From the judgment imposed, defendant appeals.

*George B. Patton, Attorney General, and Kenneth Wooten, Jr., Assistant Attorney General, for the State.*
*Elreta Melton Alexander for defendant, appellant.*

PARKER, J. The State's evidence—the defendant offered none —shows these facts:

About 11:00 p.m., or a little earlier, on 26 December 1956, James Robert Ore was driving an automobile about 15 or 20 miles an hour in a northerly direction on Church Street approximately one-half mile north of Greensboro. He first noticed the

automobile driven by the defendant, which was meeting him, about a city block away. Defendant's automobile was coming over on Ore's side of the highway. Ore pulled his two wheels off the highway, and defendant's automobile hit his automobile, and knocked it off the highway over into a ditch. Defendant's automobile went about 30 feet beyond Ore's automobile. Ore got out of his automobile, and went to the defendant's automobile. The defendant had been thrown out of his automobile, and Ore picked him up. Defendant was holding his head: he seemed like a person who was hurt. He smelt no alcohol on defendant's breath. Ore asked him if he wanted him to carry him to a doctor. He replied, No. Ore left to call an officer. The officer came to the scene in about 15 minutes, and the defendant was gone.

In response to a call State Highway Patrolman W. F. Clay arrived at the scene of the collision about 11:20 p.m. He saw Ore there. A taxicab passed the scene of the collision at 11:45 p.m. The patrolman got in his automobile, and stopped the taxicab about a half mile north of the scene. The defendant was in the taxicab. The defendant had a strong odor of alcohol on his breath, and had urinated in his pants. His speech was incoherent, and he was unable to stand without assistance. He walked with a stagger. In the opinion of the officer, he was drunk. Defendant said he had had nothing to drink, and was trying to get home in the taxicab. The officer saw no cuts, bruises or abrasions on defendant's head. Defendant said his head was not hurting. Defendant told the officer he was driving the automobile that collided with Ore's automobile. The officer explained the blood test system to defendant, and asked him if he would like to have one. The defendant said that he would.

R. B. Davis, Jr., at the defendant's request, drew blood from the defendant at 12:15 a.m. the same night. At the trial defendant's counsel stated to the court "for the record, we will admit that Mr. Davis is an expert in any field that the Solicitor desires to qualify him." The court held that R. B. Davis, Jr., was an expert as a "clinical technologist, chemist, toxicologist and hematologist." Davis testified that the results of the test of defendant's blood showed the presence of .22% alcoholic concentration in the blood of defendant, and that in his opinion defendant was under the influence of alcohol.

The defendant's assignments of error as to the evidence are without merit, and are overruled.

The defendant assigns as error the failure of the court to allow his motion for judgment of nonsuit, and relies on *S. v. Hough,* 229 N.C. 532, 50 S.E. 2d 496. The facts in that case are distinguishable from the facts here. In the *Hough* case all the evidence as to whether or not the defendant was guilty of the

STATE *v.* COLLINS.

same offense as in the instant case came from officers who reached the scene of the wreck 25 or 30 minutes after it occured. The Court said: "If the witnesses who observed the defendant immediately after his accident, were unable to tell whether or not he was under the influence of an intoxicant or whether his condition was the result of the injuries he had just sustained, we do not see how the jury could do so."

We held in *S. v. Kelly,* 227 N.C. 62, 40 S.E. 2d 454, which was a prosecution for drunken driving, that evidence that defendant was found intoxicated at his place of business some 12 or 14 hours after the time of the offense charged, without evidence that the defendant was continuously intoxicated during this time, was incompetent as evidence. We have also held in *Raynor v. R. R.,* 129 N.C. 195, 39 S.E. 821, that evidence that a passenger was drunk at 3:45 in the afternoon is inadmissible to corroborate evidence that he was drunk at 11:00 o'clock in the forenoon. *S. v. Smith,* 240 N.C. 99, 81 S.E. 2d 263, was a prosecution for drunken driving. A State Highway Patrolman reached the scene of the accident about 10 minutes after it occurred, and testified that in his opinion the defendant was intoxicated. This Court held the evidence made out a case for the jury.

*S. v. Barham,* 244 N.C. 80, 92 S.E. 2d 434, is a case in which a *Per Curiam* Opinion was written. The evidence is not set forth in the opinion. An examination of the record on file in the Clerk's Office shows these facts: State Highway Patrolman Robert R. East testified that his investigation disclosed that the wreck occurred a few minutes after 8:00 o'clock p.m. He reached the scene of the wreck about 9:00 o'clock p.m., 15 minutes after he received a call. There he saw two wrecked cars and the defendant. In the opinion of the officer the defendant was very much under the influence of intoxicating liquor. The defendant told the officer he had had nothing to drink, and was driving the car. The door of the defendant's car was open, and a bottle of whisky was lying on the ground near the right-hand door of his car. Defendant said he knew nothing about this whisky. W. O. Nuckles, a Police Officer of the Town of Wake Forest, arrived at the scene after Mr. East did. In his opinion the defendant was under the influence of intoxicating liquor. The State had only two witnesses: the defendant offered no evidence. The Court held that the evidence was sufficient to support the defendant's conviction of driving an automobile on the highways of the State, while under the influence of intoxicating liquor.

In *Commonwealth v. Lyseth,* 250 Mass. 555, 146 N.E. 18, the defendant was convicted of operating an automobile while under the influence of intoxicating liquor. The Court said:

"The only statement in the record as to the testimony is, that in addition to other evidence there was evidence that the defendant when seen by the witnesses at the place of the accident within half an hour thereafter, was under the influence of intoxicating liquor. We accordingly assume the jury could find, that the charge in the complaint had been proved."

The State's evidence shows that the defendant drove his automobile over on Ore's side of the highway, and crashed into Ore's automobile, when Ore had two wheels of his automobile off the highway. Some 45 minutes later defendant passed the scene of the wreck in a taxicab. He was stopped by Patrolman Clay, who testified he was in a sordid, drunken condition. Defendant told the Patrolman he was trying to get home. Considering this evidence, and the other evidence, in the light most favorable to the State, and giving to the State the benefit of every reasonable inference which may fairly be drawn from the evidence, (*S. v. Kelly*, 243 N.C. 177, 90 S.E. 2d 241), the evidence of defendant's intoxication was not too remote in point of time, or too speculative, to permit a legitimate inference that the defendant was under the influence of intoxicating liquor at the time of the collision of his automobile with Ore's automobile. The evidence was sufficient to carry the State's case to the jury, and the court properly overruled his motion for judgment of nonsuit.

The defendant's assignments of error to the charge have been considered, and are overruled.

No error of law is shown sufficient to justify a new trial.

No Error.