MRS. ELEANOR JOHNSON OSBORNE, Widow, ELEANOR JOAN OSBORNE, Daughter, Z. T. OSBORNE, Deceased v. COLONIAL ICE COMPANY and HARTFORD ACCIDENT & INDEMNITY COMPANY.

(Filed 14 January, 1959.)

**1. Master and Servant § 55d—**

If a finding of the Industrial Commission is supported by competent evidence, the admission of evidence that is without probative value upon the question is immaterial.

**2. Evidence § 45—**

A witness who has been duly qualified as an expert and who has made a chemical analysis of a sample of blood taken from the person in question shortly after the time in question, is competent to testify as to the alcoholic content of the blood and that such percentage of alcohol would render such person intoxicated.

**3. Master and Servant § 55d—**

The findings of fact of the Industrial Commission are conclusive if supported by competent evidence, notwithstanding that the evidence would support a contrary finding.

**4. Master and Servant § 40c—**

Findings, supported by evidence, that in overtaking a truck preceding him on the highway, his car left skid marks for 75 feet straight in a line forward and then skid marks sideways across the center of the highway to his left, and that his car was struck by a car approaching from the opposite direction, together with evidence that his blood contained .20 per cent of alcohol, *are held* sufficient to show that the accident resulted from the employee's violation of a safety statute and to support the finding of the Industrial Commission that the employee's injury and death was occasioned by his intoxication, and judgment denying compensation is affirmed.

APPEAL by plaintiffs from *Preyer, J.,* January 10, 1958 Civil Term, GUILFORD Superior Court (Greensboro Division).

This proceeding originated before the North Carolina Industrial Commission upon the claim filed by the dependents of Z. T. Osborne for compensation as the result of his death in an industrial accident. The parties stipulated (1) the employer-employee relationship existed, (2) the parties were subject to the Workmen's Compensation Act, (3) the Hartford Accident & Indemnity Company was the insurance carrier on the risk at the time of the accident, February 18, 1954; (4) the employee's average weekly wage was $140.38.

The Virginia Industrial Commission held a hearing on June 2, 1955, at Rocky Mount, Virginia, and certified to the North Carolina Industrial Commission a transcript of the evidence taken at the hearing. The evidence taken there involved a charge of reckless driving on the Virginia highways. Witnesses testified in their opinion Osborne

was under the influence of liquor at about 11:30 a. m. Others were of the opinion that he was not intoxicated. Those who saw him at the time he left Rocky Mount, Virginia, about 2:30 p. m. were of the opinion that at that time he was sober.

According to the evidence introduced at a hearing in Greensboro before Commissioner Gibbs, Z. T. Osborne, the employee, driving an automobile south on highway No. 220, about three miles from the Greensboro city limits at about 6:30 p. m., attempted to pass a truck going in the same direction (south), skidded his automobile across the center line of the highway in front, and in the path, of a car driven north by Jimmie Wilson. The two cars collided in the east lane about opposite the truck. The Osborne car left skid marks in a straight line south for 75 feet and then skid marks turning abruptly to the left across the center of the highway and into Wilson's proper lane of traffic. Osborne, who was alone in his car, received injuries from which he died on the way to the hospital.

The body was taken from the hospital to a funeral home to be prepared for burial. Within a short time after death Dr. Harvey, the Guilford County Coroner, procured about three ounces of blood from the employee's veins. He kept this bottle in a Frigidaire until next morning, then delivered it to R. B. Davis, Jr., a chemist. After analysis, Mr. Davis, found by the Commission and the Court to be an expert in chemistry, haemotology, and clinical technology, testified that his training and experience had been such as to enable him to qualify as an expert and to give an opinion as to the effect on intoxication of alcohol in the blood stream. He testified that analysis of the specimen delivered to him by Dr. Harvey showed the presence of 0.20 per cent of alcohol in the blood and that the presence of such an amount showed intoxication.

Commissioner Gibbs found all facts in favor of the claimants, except No. 14:

"That Z. T. Osborne was intoxicated at the time of his said injury resulting in his death; that his intoxication was the sole proximate cause of his attempting to pass the truck on the occasion herein complained of, of the manner in which he was driving his automobile at said time, and of the resulting collision with the automobile driven by Jimmy Wilson; and that his said injury, resulting in his death, was occasioned by said intoxication."

Upon Finding No. 14, Commissioner Gibbs made an award denying the claim. The plaintiffs petitioned for a review by the full Commission which by a 2-1 vote (Chairman Bean dissenting) adopted as its own the findings, conclusions and award of Commissioner Gibbs. The

petitioners appealed to the Superior Court of Guilford County upon exceptions duly filed. The judge of the superior court overruled the exceptions, affirmed and approved the full Commission's findings, conclusions, and award. The plaintiffs appealed.

*Thomas Turner, Jordan, Wright & Hanson for plaintiffs, appellants.*
*Adams, Kleemeier & Hagan, By: Charles T. Hagan, Jr., for defendant, appellee.*

HIGGINS, J.  The plaintiffs' assignments of error, as stated in their brief, present three questions: (1) Does the testimony tending to show an individual was intoxicated at 11:30 a. m. have any probative value as to whether the same individual was intoxicated at 6:30 p. m. the same day? (2) Is evidence of chemical analysis of the blood alone sufficient upon which to base a finding that the deceased was intoxicated? (3) Is there sufficient competent evidence to support the findings that the deceased was intoxicated at the time of the accident, and if so, is there sufficient competent evidence to support the finding that the intoxication of the deceased occasioned the accident in which he was killed?

In answer to the first question, under the facts of this case, the Court has doubt as to the probative value of testimony of intoxication at 11:30 a. m. upon the issue of intoxication at 6:30 p. m., especially in view of the evidence the subject was sober at 2:30 p.m. However, the admission of evidence that is without probative value is not fatal in a proceeding of this character. The question is whether the finding of intoxication at 6:30 p. m. is supported by competent evidence. *Bradsher v. Morton,* 249 N.C. 236. *Pitman v. Carpenter,* 247 N.C. 63, 100 S.E. 2d 231; *Blalock v. Durham,* 244 N.C. 208, 92 S.E. 2d 758; *State v. Kelly,* 227 N.C. 62, 40 S.E. 2d 454.

The decisions of this Court are to the effect the percentage of alcohol in the blood stream is competent evidence on the question of intoxication. Davis, the chemist, qualified as an expert in the field of chemical analysis; and haemotology (blood analysis). His knowledge and experience have been such as to enable him to testify as to the effect of various percentages of alcohol in the blood stream in producing intoxication. He testified that 0.20 per cent of alcohol in the blood stream will produce intoxication. He analyzed the blood sample delivered to him by Dr. Harvey. It contained 0.20 per cent of alcohol. In his opinion the victim, because of the presence of that percentage of alcohol, was intoxicated. Such evidence is sufficient to support the Industrial Commission's finding to that effect. *State v. Moore,* 245 N.C. 158, 95 S.E. 2d 548; *State v. Henderson,* 245 N.C.

165, 95 S.E. 2d 594; *State v. Willard*, 241 N.C. 259, 84 S.E. 2d 899; see also, *State v. Collins*, 247 N.C. 244, 100 S.E. 2d 489. A finding by the Industrial Commission, if supported by competent evidence, is binding on the superior court judge who reviews the case and is likewise binding on this Court on the appeal. *Blalock v. Durham, supra; Brooks v. Carolina Rim & Wheel Co.*, 213 N.C. 518, 196 S.E. 835.

In answering the third question presented, we call attention to the rule stated in the preceding paragraph. The courts are bound by the Commission's findings if supported by competent evidence, even though the evidence would have supported a different or contrary finding. Determination of disputed questions of fact involves the weighing of the evidence, which is a function of the fact finding, and not of the reviewing authority. *Graham v. N. C. Butane Gas Co.*, 231 N.C. 680, 58 S.E. 2d 757; *Queen City Coach Co. v. Lee*, 218 N.C. 320, 11 S.E. 2d 341; *Mica Co. v. Board of Education*, 246 N.C. 714, 100 S.E. 2d 72.

The evidence in the case showed that Osborne left skid marks for 75 feet in a straight line forward and then skid marks sidewise across the center line of the highway to his left, with the result the truck he was attempting to pass and his skidding automobile blocked both lanes of the highway. Wilson's car, in its proper lane, struck Osborne's car on the right-hand side near the middle. The Commission found the driver of the skidding car was intoxicated. In operating the car on the highway, he was violating a safety statute. Whether the accident was proximately caused by the violation was a question for the fact finding body. *Cox v. Freight Lines*, 236 N.C. 72, 72 S.E. 2d 25; *Beaman v. Duncan*, 228 N.C. 600, 46 S.E. 2d 707.

The evidence in the case afforded sufficient factual support for the findings, conclusions, and award of the Industrial Commission. The judgment of the Superior Court of Guilford County is

Affirmed.