STATE v. JOSEPH HAROLD GURLEY.

(Filed 23 May 1962.)

1. **Automobiles § 59—**

Evidence tending to show that defendant had been drinking, that he attempted to pass a car preceding him in the same direction in disregard of on-coming traffic and collided head-on with a car approaching from the opposite direction, *is held* sufficient to be submitted to the jury on the question of culpable negligence in this prosecution for manslaughter.

2. **Automobiles § 60—**

Testimony of an officer that from his observation of defendant immediately after the accident, defendant had drunk some intoxicating liquor, with testimony of a physician that he examined defendant less than an hour after the accident and found no evidence that defendant had been drinking, and that defendant's actions and manner of talking at the scene of the accident were due to his injuries, *is held* insufficient predicate for an instruction in regard to the drunken driving statute as bearing upon the question of defendant's culpable negligence.

3. **Criminal Law § 107—**

It is error for the court to charge upon an abstract principle of law which is not presented by the evidence in the case.

APPEAL by defendant from *Cowper, J.,* November 1961 Term of WAYNE.

This is a criminal action in which defendant was convicted of involuntary manslaughter for the death of Levi Moore in an automobile collision.

From a judgment imposing an active prison sentence, defendant appeals and assigns errors.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*Braswell & Strickland for defendant.*

PER CURIAM. Defendant assigns as error the denial of his motion for nonsuit.

Levi Moore was fatally injured when the automobile in which he was riding collided with an automobile driven by defendant. The collision occurred at 10:20 p. m. on 31 January 1961 on U. S. Highway 70 west of Goldsboro. The Mercury automobile in which deceased was riding was being operated westwardly by Johnnie Exum. It was meeting two cars going east, the second of which, a Cadillac, was being operated by defendant Gurley. Gurley pulled to the left to pass the car in front of him, and collided head-on with the Mercury in which deceased was riding. At the time of the impact the right front wheel of the Mercury and the left front wheel of the Cadillac were on the north shoulder of the highway about 2 feet from the hard-surface. There were skid marks 9 feet and 3 inches long leading to the rear wheels of the Mercury. There were no skid marks to the rear of the Cadillac. The Mercury was knocked 4 feet backwards by the force of the impact, and the cars were stuck together. Moore died about ten minutes after the collision. Exum received injuries and bone fractures which caused him to be hospitalized for forty-six days. The drivers involved were the only eyewitnesses.

Johnnie Exum testified in part.

> "There was an automobile in front of me which I was meeting. There were two automobiles in front of me; Gurley was in the second, and he pulled off to come around and I pulled off to give the highway, and he took the same direction. It was very quick; the last I remember, I was trying to apply my brakes. I know a part of my car got off the road because I had already hit the dirt to the best of my remembrance. I would say I was about fifty yards from the car at the time it started passing the car in front of me. I was driving at a rate, I guess, of forty or forty-five

miles an hour. I swung out to the right and applied my brakes and the last I remember the lights were in my face. I didn't remember anything for a while after the accident. I do not know anything else about how the accident occurred. I have told you all I remember about it. I was injured in the wreck."

The investigating patrolman testified: He arrived at the scene 10 or 15 minutes after the collision occurred. In his opinion defendant was not seriously injured. Defendant was walking around in circles on the side of the road. He was "slightly unsteady," "sort of staggering," talked "a little thick-tongued," and had the smell of alcohol on his breath. There was a pint bottle of liquor in defendant's automobile. The bottle was open but not broken off. The cap was later found. It was unscrewed and a little liquor was in the bottle and some had spilled out on the front floor board.

"Q. At the time of the accident, do you have an opinion satisfactory to yourself whether the defendant Gurley was under the influence of any intoxicating beverages?

"A. Yes Sir. In my opinion he would be what we would call a borderline case of driving under the influence.

"I base this opinion upon the way he talked and acted and by the way he walked and his eyes were also partially glassy. In my opinion he was not drunk but he was under the influence."

Defendant, Joseph Harold Gurley, testified in part:

"I drove up on a car — I went to pass the car. I was driving 50 or 55 miles per hour. When I went to pass the car I could see the lights of the car meeting me, they were dim; I started around — I thought he was further away than he was. I didn't speed up to pass the car and he was so close on me I ducked to the left to miss him and he pulled the same way I pulled; I didn't have the time to put on brakes, and that was it."

Dr. George R. Benton testified for defendant: He examined defendant at the hospital in less than an hour after the accident. He examined him particularly with respect to intoxication, and found no evidence that defendant had been drinking. There was no alcohol on his breath. He treated defendant in the hospital for ten days. After the accident defendant was conscious but was suffering from traumatic amnesia — loss of memory. Defendant's actions and manner of talking at the scene of the accident were caused by injuries.

A number of persons testified they saw him shortly before the accident and he had not been drinking.

PARKER and HIGGINS, JJ., are of the opinion that the evidence for the State, and the testimony of defendant favorable to the State, when considered in the light most favorable to the State, are sufficient to carry the case to the jury. They are of the opinion that when all circumstances are considered, including the statistical and inherent danger in a car being on its wrong side of the road in attempting to pass a preceding car in the face of on-coming traffic and the testimony that defendant had been drinking, the evidence is sufficient to permit, but not to compel, a jury to find that defendant was culpably negligent in the operation of his automobile, which proximately caused the death of Levi Moore. *State v. Cope,* 204 N.C. 28, 167 S.E. 456. They are further of the opinion that defendant's other assignments of error are without merit, there was no prejudicial error in the trial below, and the judgment should be sustained.

RODMAN and MOORE, JJ., are of the opinion that the motion for nonsuit should have been allowed. They concede that defendant violated. G.S. 20-150(a), in that he attempted to pass without having ascertained that the movement could be made in safety, and that this would be proper basis for civil liability. But they reason that the evidence is insufficient to make out a *prima facie* case of culpable negligence, proximately causing the death of deceased, for: (1) there is no evidence of excessive speed, failure to keep a lookout, or prior improper operation; and (2) the evidence as to defendant's consumption of whiskey, in the light of the explanatory testimony of the doctor and the fact that defendant was injured in the collision, will not support the inference that it influenced his operation of the car, and would be insufficient to support a conviction on a charge of driving under the influence. *State v. Hough,* 229 N.C. 532, 50 S.E. 2d 496; *State v. Flinchem,* 228 N.C. 149, 44 S.E. 2d 724.

DENNY, C.J., and BOBBITT and SHARP, JJ., agree with PARKER and HIGGINS, JJ., that the motion for nonsuit was properly overruled, but are of the opinion that there was error in the charge and defendant is entitled to a new trial. In instructing the jury, the court explained that the State relied, in part, on the contention that defendant had violated certain safety statutes, and instructed the jury as to the circumstances under which the violation of such a statute would constitute culpable negligence. Specifically, the court charged with respect to drunken driving statute, G.S. 20-138, stating that the State contends defendant was operating his vehicle at the time in question while under the influence of intoxicants, and giving the rule for determining whether or not a driver is under the influence (*State v. Carroll,* 226

N.C. 237, 37 S.E. 2d 688). The court's instructions clearly imply the evidence was sufficient to support a finding that defendant was operating the car in violation of this safety statute, and that such violation was for consideration in determining whether defendant was guilty of culpable negligence. *Denny, C.J.,* and *Bobbitt* and *Sharp, JJ.,* are of the opinion the evidence was insufficient to support such finding, and that the court's instructions were, in this respect, erroneous and prejudicial. "It is error for the court to charge upon an abstract principle of law which is not presented by the evidence in the case." 4 Strong: N. C. Index, s. 33, p. 334.

A majority of the Court is of the opinion that the motion for nonsuit was properly overruled. This is the law of the case if the evidence upon retrial is substantially the same as appears in the record on appeal. *Rodman* and *Moore, JJ.,* agree that, notwithstanding their opinion that the State should have been nonsuited, there was error in the charge in the respect indicated in the preceding paragraph. Therefore, a majority of the Court is of the opinion there was error in the charge. This entitles defendant to a new trial.

*Venire de novo.*