STATE OF NORTH CAROLINA v. ALTON BRYANT KELLUM.

(Filed 20 March 1968.)

1. Automobiles § 120—

  The elements of the offense defined by G.S. 20-138 are the driving of a vehicle upon a highway within the State while under the influence of intoxicating liquor.

2. Automobiles § 127—

  Evidence in this case *held* sufficient to sustain defendant's conviction of the violation of G.S. 20-138.

APPEAL by defendant from *Hubbard, J.,* September 1967 Session, JONES County Superior Court.

  Defendant was charged in a warrant with operating an automobile on a public highway while under the influence of intoxicating liquor. He was tried and convicted in Jones County Recorder's Court on April 7, 1967, and appealed to superior court. His trial there before a jury resulted in conviction of the offense charged, and defendant appealed to the Supreme Court.

  The State offered three witnesses whose evidence tended to show the following facts:

  Denford Eubanks, while sitting in his living room on the night of February 22, 1967, saw a car turn into his driveway and go around to the back door where a horn commenced blowing until he went to investigate. The driver asked "how do you go home from here . . . I live at Kellum" and was advised "17, the road that you just came off of goes to Kellum." Eubanks called Sheriff Yates. There is only one driveway leading into the Eubanks premises from highway No. 17, and it crosses a culvert in the ditch line of the highway approximately fifteen feet from the door of the Eubanks home. In leaving the vehicle was driven into the ditch. Patrolman Mercer arrived about ten minutes later followed by Sheriff Yates, and they took defendant out of the car and assisted him to the patrol car. Several empty Country Club Malt Lager beer cans were on the floor of defendant's car and a very strong odor of some intoxicant on his breath. Defendant had consumed a sufficient quantity of intoxicants as to appreciably impair his mental and physical faculties. He was unable to walk without assistance.

  Defendant Kellum, a witness in his own behalf, testified that "[t]he last time that I remembered anything on that night I was about a mile north of Kellum in Onslow County. I don't have any idea how I got on highway 17 or into Mr. Eubank's [*sic*] yard. . . . I didn't know and still do not know Mr. Denford Eubanks. I don't

know where he lives and I have never been back and looked at his place. I didn't know where it was. I guess I was so drunk that night that I didn't remember anything that happened. I don't remember blowing the horn — I just don't know anything."

*Donald P. Brock, Attorney for defendant appellant.*

*Thomas Wade Bruton, Attorney General, by William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

PER CURIAM. G.S. 20-138 makes it unlawful for any person, whether licensed or not, who is under the influence of intoxicating liquor to drive any vehicle upon the highways within this State. The three elements of the offense are (1) driving a vehicle, (2) upon a highway within the State, (3) while under the influence of intoxicating liquor. *State v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411.

All the evidence points unerringly to the conclusion that defendant operated a vehicle along highway 17 in arriving at the Eubanks home. The only vehicular entrance to that home was the driveway connected with said highway. Mr. Eubanks saw the car enter his premises. In response to the horn he went to the rear of the house and observed defendant to be the driver and only occupant of the car. Defendant himself says he was so drunk he has no idea where he was or how he got there. The circumstances revealed by the record are, as stated by Parker, J., now C.J., in *State v. Lowther,* 265 N.C. 315, 144 S.E. 2d 64, "consistent with the hypothesis that the accused is guilty, and at the same time are inconsistent with the hypothesis that he is innocent and with every other reasonable hypothesis except that of guilt."

No other verdict could have been rendered on the evidence. Prejudicial error does not appear.

No error.