STATE OF NORTH CAROLINA v. LEMUEL PALMER OLDHAM

No. 7015SC605

(Filed 16 December 1970)

1. Automobiles § 112; Criminal Law § 55— manslaughter — probative value of blood alcohol test

   In this manslaughter prosecution arising out of an automobile accident, the result of a blood alcohol test administered to defendant two hours and twelve minutes after the accident occurred had probative value and was properly admitted in evidence.

2. Criminal Law § 163— assignment of error to the charge

   Assignment of error to "those portions of the charge of the Court as they appear of record herein" is insufficient.

APPEAL by defendant from *Braswell, Superior Court Judge,* 8 June 1970 Criminal Session, ALAMANCE Superior Court.

Defendant was prosecuted on two bills of indictment for manslaughter. Evidence for the State tended to show that shortly after 7:30 p.m. on 17 February 1970 the defendant was operating a motor vehicle on Kitchen Street in Burlington, North Carolina at an unlawful rate of speed. As he approached the intersection of Kitchen Street with South Mebane Street, the defendant did not slow down but disregarded a stop sign and ran into an automobile proceeding along South Mebane Street. The automobile was occupied by Linda Isely Smith and Stephen Selensky who were killed. Defendant had a strong odor of alcohol on his breath. His speech was slurred, loud and profane. At 9:50 p.m., approximately two hours and twelve minutes after the accident, it was determined that the percent by weight of alcohol in defendant's blood was 0.16. The evidence further tended to show that defendant did not consume any alcohol between the time of the accident and the time of the blood analysis. The defendant offered no evidence. The jury returned a verdict of involuntary manslaughter on each count. From judgment thereon, defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General Ralph Moody for the State.*

*Donnell S. Kelly for defendant appellant.*

---
Dudley v. Batten
---

VAUGHN, Judge.

[1] Defendant's first assignment of error is that it was error to admit the result of the blood test. He contends that it was not timely made and that a test made two hours and twelve minutes after the occurrence is without probative value. Defendant admits that the test was properly administered and that there is ample evidence that defendant consumed no alcohol between the time of the wreck and the time the test was administered. Under all the circumstances of this case we hold that the result of the test had probative value and was properly admitted into evidence. This assignment of error is overruled.

[2] Defendant's final assignment of error is to the charge of the court and is set out as follows:

"The defendant assigns as error those portions of the charge of the Court as they appear of record herein."

Although the assignment of error is insufficient, we have carefully reviewed the entire charge of the court and find no prejudicial error.

No error.

Judges BROCK and MORRIS concur.