STATE OF NORTH CAROLINA v. DON LEGENE BASINGER

No. 7619SC132

(Filed 7 July 1976)

1. Automobiles § 127— drunken driving — sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution for driving on a public highway while under the influence of intoxicating liquor where the arresting officer testified as to defendant's conduct, appearance and performance of tests and gave his opinion that defendant was under the influence of alcohol, and a breathalyzer operator testified that defendant's blood alcohol content was .14.

2. Automobiles § 126— breathalyzer results — delay between arrest and test

A delay of 50 minutes between defendant's arrest and the administration of a breathalyzer test to him did not render the results of the test inadmissible in evidence.

State v. Basinger

**3. Automobiles § 120— driving when alcohol content is .10 percent — constitutionality of statute**

The statute prohibiting driving upon the public highways when the alcohol in one's blood is .10 percent or more by weight, G.S. 20-138(b), is a constitutional exercise of the police power by the General Assembly.

**4. Automobiles § 120— driving when alcohol content is .10 percent — lesser offense of driving under influence — validity of statute**

Provision of G.S. 20-138(b) that an offense of driving upon a public highway when one's blood alcohol content is .10 percent or more shall be treated as a lesser included offense of driving under the influence prohibited by G.S. 20-138(a) is valid.

APPEAL by defendant from *Kivett, Judge.* Judgment entered 16 September 1975 in Superior Court, ROWAN County. Heard in the Court of Appeals 11 May 1976.

Defendant was charged in a warrant with the misdemeanor of operating a motor vehicle on the public highways while under the influence of intoxicating liquor on 3 March 1975. The offense alleged in the warrant is an offense under subsection (a) of G.S. 20-138. He was tried and found guilty in district court. Upon defendant's appeal to superior court, he was tried *de novo* upon the original warrant. He was found guilty by a jury of the offense proscribed by subsection (b) of G.S. 20-138, and judgment was entered upon the verdict. He appeals to this Court upon questions of law.

*Attorney General Edmisten, by Associate Attorney James E. Scarbrough, for the State.*

*Carlton, Rhodes & Thurston, by Gary C. Rhodes, for the defendant.*

BROCK, Chief Judge.

[1] The State offered the testimony of the arresting officer concerning defendant's conduct, appearance, and performance of tests. The arresting officer also testified that based upon his observations he was of the opinion that defendant was under the influence of alcohol. The State offered the testimony of the officer who administered the breathalyzer to defendant to the effect that the defendant's blood alcohol content was 0.14. This evidence was sufficient to overcome defendant's motions to dismiss. Defendant's assignment of error No. 3 is overruled.

[2]   Defendant argues that because of the lapse of time between the arrest and the performance of the breathalyzer test, the results of the test should not have been allowed in evidence. The State's evidence tends to show that defendant was arrested at 10:35 p.m. and that the test was administered at 11:25 p.m. The lapse of time was fifty minutes. We have already held that a delay of over two hours between the arrest and the test does not alone render the results of the test inadmissible. *State v. Oldham,* 10 N.C. App. 172, 177 S.E. 2d 769 (1970). Defendant's assignment of error No. 2 is overruled.

Defendant's assignment of error No. 1 constitutes a dual attack upon G.S. 20-138(b). Since subsections (a) and (b) are involved in the discussion that follows, the pertinent parts of both subsections are quoted below:

"(a) It is unlawful . . . for any person who is under the influence of intoxicating liquor to drive or operate any vehicle upon any highway or any public vehicular area within this State.

"(b) It is unlawful for any person to operate any vehicle upon any highway or any public vehicular area within this State when the amount of alcohol in such person's blood is 0.10 percent or more by weight. . . . An offense under this subsection shall be treated as a lesser included offense of the offense of driving under the influence."

The 1973 amendment to G.S. 20-138, effective 1 January 1975, added subsection (b).

[3]   First, defendant argues that the new offense of driving when the alcohol in one's blood is 0.10 percent or more by weight is an arbitrary and unconstitutional exercise of the police power of the State because there is no evidence that a driver with 0.10 percent or more of alcohol in his blood is a threat to the health, safety, or welfare of the citizens. We will not discuss the numerous scientific studies which have shown the state of intoxication of persons with various degrees of alcohol in their blood. *See,* for example, Little, *Control of the Drinking Driver: Science Challenges Legal Creativity,* 54 A.B.A.J. 555 (June, 1968). Suffice to say, from 1963 to 1975 there was a statutory presumption in this State that a person with 0.10 percent or more by weight of alcohol in his blood was under the influence

of intoxicating liquor. G.S. 20-139.1(a) (repealed by the 1973 amendment effective 1 January 1975). Our Supreme Court has held that the results of a breathalyzer test are admissible in evidence, and a test showing 0.10 percent or more by weight of alcohol in a defendant's blood is sufficient to carry the State's case to the jury on the question of whether defendant was under the influence of intoxicating liquor. *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165 (1967). We hold that the prohibition against driving upon the public highways when the amount of alcohol in one's blood is 0.10 percent or more by weight contributes in a real and substantial way to the safety of other travelers. The challenged statute is a constitutional exercise of police power by the General Assembly.

[4]    Second, defendant argues that the last sentence of subsection (b) of the challenged statute ("An offense under this subsection shall be treated as a lesser included offense of the offense of driving under the influence.") is invalid because it purports to make a lesser included offense of an offense which does not necessarily have the same elements as the greater offense. For a discussion of what constitutes a lesser included offense, *see State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971) ; 42 C.J.S., Indictments and Informations, § 286, p. 1308.

The elements of the offense defined in G.S. 20-138(a) are (1) driving a vehicle, (2) upon a highway (or public vehicular area) within the State, (3) while under the influence of intoxicating liquor. *State v. Kellum,* 273 N.C. 348, 160 S.E. 2d 76 (1968). The elements of the offense defined in G.S. 20-138(b) are (1) driving a vehicle, (2) upon a highway (or public vehicular area) within the State, (3) when the amount of alcohol in the driver's blood is 0.10 percent or more by weight.

The first two elements of the offense defined in each subsection are the same. Although evidence to establish the third element under subsection (b) is not required in order to convict under subsection (a), such evidence is clearly competent to establish the third element of subsection (a). G.S. 20-139.1(a). Also there is clearly a rational relationship between the third elements of each of the subsections.

Contrary to defendant's argument, the Legislature did not undertake to mandate that the offense defined in subsection (b) *shall be* a lesser included offense of the offense defined in subsection (a). Subsection (b) of the statute in question says:

State v. Basinger

"An offense under this subsection *shall be treated as* a lesser included offense. . . . " (Emphasis added.) The clear intent of the Legislature in choosing this language is threefold:

(1) In order that a defendant shall not be twice convicted by prosecution under each subsection separately, an offense under subsection (b) is to be treated as a lesser included offense of an offense under subsection (a) for protection against such double jeopardy;

(2) To place a defendant on notice by statute that in a prosecution under subsection (a), if there is evidence of a chemical analysis of his breath or blood indicating that the amount of alcohol in his blood is 0.10 percent or more by weight, he may be convicted under subsection (b) ; and

(3) To provide that where there is evidence of a chemical analysis of a defendant's breath or blood offered in a prosecution under subsection (a), the offense under subsection (b) shall be submitted as a lesser included offense.

Obviously, in a prosecution under subsection (a), where there is no evidence offered of a chemcal analysis of the defendant's breath or blood indicating that the amount of alcohol in defendant's blood was 0.10 percent or more by weight, the offense under subsection (b) may not be submitted as a lesser included offense.

Defendant's further argument that the offense under subsection (b) cannot be treated as a lesser included offense of that under subsection (a) because the punishment prescribed for each is the same does not persuade us. We think this statutory arrangement is a logical and permissible effort by the Legislature to provide for safety on the highways of this State.

No error.

Judges BRITT and CLARK concur.