STATE OF NORTH CAROLINA v. HARRY RAY LUCKEY

No. 8118SC277

(Filed 6 October 1981)

**Automobiles § 126.3— testimony of breathalyzer operator competent**
>It was not error to admit the testimony of a breathalyzer operator who met the requirements of *State v. Powell*, 279 N.C. 608 (1971) and N.C.G.S. 20-139.1.

Judge BECTON concurring.

APPEAL by defendant from *Martin, Judge*. Judgment entered 2 December 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 16 September 1981.

Defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor and running a red light. He was found guilty of the traffic light charge and of operating a

motor vehicle when his alcohol blood level content was 0.10 percent or greater.

*Attorney General Edmisten, by Associate Attorney Richard H. Carlton, for the State.*

*David M. Dansby, Jr. for defendant appellant.*

MARTIN (Harry C.), Judge.

We find no error in defendant's trial. He first contends the court erred in admitting the testimony of the breathalyzer operator because the operator was not an "expert" witness. The thrust of his argument is that he was not afforded the full potential of cross-examining the witness about blood chemistry and the technical aspects of the machine. This could very well be true of any witness, expert or otherwise. Defendant cannot pick and choose the witnesses aginst him. If they are competent to testify, he must accept the witnesses against him as he finds them for the purposes of cross-examination. Moreover, the state is not required to produce an expert witness to testify concerning a breathalyzer test. The admissibility of such testimony is governed by the rules set forth in *State v. Powell*, 279 N.C. 608, 184 S.E. 2d 243 (1971), and it is not necessary to repeat them here. The evidence in this respect complied with *Powell* and N.C.G.S. 20-139.1, and defendant's assignment of error is overruled.

Defendant next argues that N.C.G.S. 20-138(b) is unconstitutional, and the court erred in submitting this issue to the jury. This Court has previously resolved this question against defendant's position. The statute is constitutional. *State v. Basinger*, 30 N.C. App. 45, 226 S.E. 2d 216 (1976).

Defendant attempts to make two additional arguments in his brief. However, he has failed to comply with Rule 28(b)(3) of the North Carolina Rules of Appellate Procedure. No assignment of error or exception is referred to in the brief and we are not directed to that part of the record about which defendant complains. Nevertheless, we have made a voyage of discovery through the record and find no merit in defendant's last arguments.

The events in question in this appeal occurred on 17 March 1980; the case was tried in district court on 20 May 1980, in

superior court 2 December 1980, and heard and determined by this Court on 16 September 1981. As a part of the judgment by the district court, defendant was ordered to surrender his operator's license. Presumably, he has been driving since that time. This case is another illustration why the method of appellate review should be studied and the use of review by petition for certiorari considered in certain cases to avoid unnecessary delay and expense. *See Bass v. Bass,* 43 N.C. App. 212, 258 S.E. 2d 391 (1979).

No error.

Judges MARTIN (Robert M.) and BECTON concur.

Judge BECTON concurring.

Luckey's case was not wholly frivolous. Indeed, his arguments were exceptionally well briefed. I concur in the result, however, because the law is against him. It is especially because I believe each defendant has a right to have his "one day in court" — at the trial *and* appellate levels — that I write this concurring opinion. I do not oppose methods to expedite appeals of right to avoid unnecessary delay and expense, but I do oppose suggestions to substitute petitions for certiorari for appeals of right.