STATE OF NORTH CAROLINA v. DAVID RAY

No. 8114SC459

(Filed 3 November 1981)

**Automobiles § 127.3— driving under the influence—insufficient evidence of defendant as driver**

The State's evidence was insufficient to show that defendant drove or operated a vehicle so as to support his conviction for driving under the influence of intoxicants in violation of G.S. 20-138(a) where the only evidence presented by the State connecting defendant with the vehicle was an officer's testimony that the vehicle struck two parked cars and that when he arrived on the scene he observed defendant sitting in the vehicle "approximately halfway in the front seat, between the driver and passenger area in the front seat."

APPEAL by defendant from *Brewer, Judge.* Judgment entered 3 December 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 19 October 1981.

The defendant appeals from a conviction of driving under the influence, second offense, in violation of G.S. 20-138(a) for which he was given a six-month jail sentence suspended for twelve months upon compliance with certain conditions. The State's evidence tended to show that a Durham Public Safety Officer answered an accident call on the night of 12 July 1980. When he arrived at the scene, he found a three-car accident. Two of the cars were unoccupied and parked alongside the curb. The third car was occupied by the defendant and had apparently run into the other cars. The officer observed the defendant sitting "approximately halfway in the front seat, between the driver and passenger area in the front seat." The officer observed a gash above the defendant's nose and that the defendant smelled of alcohol. After being taken to the Durham County Hospital where he was treated for his injuries, the defendant was taken to the Magistrate's office and was given a breathalyzer test. The breathalyzer showed a 0.19 reading. The defendant offered no evidence.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Archbell and Cotter, by James B. Archbell, for defendant appellant.*

BECTON, Judge.

The defendant raises two arguments on this appeal: (1) that the trial court should have granted his motion for mistrial based on erroneous and inflammatory remarks in the opening statement by the district attorney; and (2) that the trial court erred in denying his motion for nonsuit. Because we reverse based on the nonsuit issue, we do not address the defendant's first argument.

A motion for nonsuit "requires the trial court to consider the evidence in the light most favorable to the State, take it as true, and give the State the benefit of every reasonable inference to be drawn therefrom." *State v. Biggs,* 289 N.C. 522, 527, 223 S.E. 2d 371, 375 (1976) *quoting, State v. Goines,* 273 N.C. 509, 513, 160 S.E. 2d 469, 472 (1968); *see State v. Bell,* 285 N.C. 746, 208 S.E. 2d 506 (1974). This same rule regarding direct evidence is applicable when circumstantial evidence is offered. *State v. Abrams,* 29 N.C. App. 144, 223 S.E. 2d 516 (1976). However, "[w]hen the facts and circumstances warranted by the evidence do no more than raise a suspicion of guilt, they are insufficient to make out a case and a motion to dismiss should be allowed." *State v. Blizzard,* 280 N.C. 11, 16, 184 S.E. 2d 851, 854 (1971).

G.S. 20-138(a) provides that "[i]t is unlawful and punishable as provided in G.S. 20-179 for any person who is under the influence of intoxicating liquor to drive or operate any vehicle upon any highway or any public vehicular area within this State." "Driver" is defined under G.S. 20-4.01(7) as "the operator of a vehicle." G.S. 20-4.01(25) defines "operator" as "a person in actual physical control of a vehicle which is in motion or which has the engine running." To prosecute successfully under G.S. 20-138, the State must show that the defendant "(1) [drove or operated] a vehicle, (2) upon a highway within the State, (3) while under the influence of intoxicating liquor." *State v. Kellum,* 273 N.C. 348, 160 S.E. 2d 76 (1968), *citing, State v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411 (1961); *State v. McLawhorn,* 43 N.C. App. 695, 260 S.E. 2d 138 (1979), *disc. rev. denied,* 299 N.C. 123, 261 S.E. 2d 925 (1980).

In the case before us, the evidence presented at trial satisfies the requirement that the defendant was under the influence of intoxicating liquor and that the accident occurred on a public highway. The State has been unsuccessful, however, in proving that the defendant drove or operated the vehicle. The only

evidence presented by the State connecting the defendant with the automobile was the Public Safety Officer's testimony that he observed the defendant "halfway the front seat." This circumstantial evidence alone is insufficient to support a conclusion that the defendant was the driver. The State offered no evidence that the car had been operated recently or that it was in motion at the time the officer observed the defendant. *See State v. Haddock.* Nor did the State offer evidence that the motor was running with the defendant sitting under the steering wheel at the time the officer came upon the scene as was the case in *State v. Carter*, 15 N.C. App. 391, 190 S.E. 2d 241 (1972). It is possible that other circumstantial evidence — such as testimony that the defendant was seen driving the car at some point immediately prior to the accident or evidence as to the ownership of the automobile — in addition to the testimony of the officer would have bolstered the State's case. However, no other such evidence was presented.

Because the evidence, taken in a light most favorable to the State, does not establish an essential element of the crime charged, the motion for nonsuit should have been granted. Accordingly, the judgment below is

Reversed.

Chief Judge MORRIS and Judge ARNOLD concur.