STATE OF NORTH CAROLINA v. SAMMY RAY RIDDLE

No. 8128SC1039

(Filed 6 April 1982)

**Automobiles § 113.1— involuntary manslaughter—defendant as driver of car—sufficiency of evidence**

In a prosecution for involuntary manslaughter arising out of an automobile accident, the State's evidence was sufficient for the jury to find that defendant was the driver of the car which struck that of decedent where it tended to show that defendant was observed immediately following the collision exiting from the car which collided with decedent's car; no one other than defendant was observed in, at, or near that car at any time; no evidence could be found to support defendant's story that his friend was driving the car and

ran through the nearby woods after the collision; defendant reached in his pocket and produced the keys to the car when the wrecker driver requested them; defendant told an accident victim and another person at the collision scene that his friend who had been driving owned the car, but he told the investigating patrolman that the car belonged to his girlfriend; defendant told the investigating patrolman that the driver had exited the car from the driver's side, but the patrolman found the door on that side impossible to open because of the damage it had sustained in the collision; defendant indicated that he had known the driver for a long time, but he was unable to describe anything about him except his clothes; and there was evidence tending to show that the alleged driver did not in fact exist.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 3 June 1981 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 4 March 1982.

Defendant appeals from a judgment of imprisonment entered upon a conviction of involuntary manslaughter.

*Attorney General Edmisten, by Associate Attorney G. Criston Windham, for the State.*

*Swain & Stevenson, by Kenneth T. Davies, for defendant appellant.*

WHICHARD, Judge.

The principal issue is whether the court erred in denying defendant's motion to dismiss. We find no error.

The State's evidence tended to show the following:

Donna Wood, while a passenger in a car driven by her husband, Ronald Wood, suddenly saw car lights in the middle of the road and saw her husband turn the steering wheel toward the right shoulder. There was a collision, and the Wood car went into an adjacent field. Ronald Wood died from injuries sustained in the collision.

Donna Wood saw defendant get out of the other car involved in the collision and walk toward her. He told her that his friend owned and was driving the car, and that his friend had jumped out and run through the woods when the collision occurred. She smelled a strong odor of alcohol about him at that time.

Lloyd Messer observed the accident. As he went by the scene he saw a man "standing at the right-hand door on the

passenger's side" of the car which collided with the Woods car. The man was shutting or opening the door. Messer exited from his vehicle and attempted to assist Mr. Woods. While he was so engaged, defendant approached; and Messer could smell alcohol. Defendant told Messer the car belonged to and had been driven by his friend, and his friend had "run out on him and run through the woods." Messer went to the woods, but could find nothing.

When the investigating patrolman arrived, defendant told him the car belonged to his girl friend. He also told him one Gerald Ray had been driving. He "indicated that Mr. Ray had supposedly left out the driver's door." The patrolman attempted to open that door and was unable to do so because of the damage it had sustained in the collision. The patrolman smelled a strong odor of alcohol about defendant, and observed that defendant was "very hesitant and swaying." In his opinion defendant's faculties were appreciably impaired by some type of alcoholic beverage. Defendant told the patrolman he had consumed four or five drinks of liquor. He told him he had not been driving the car. The only description defendant could give of the alleged driver related to the clothes he wore. The patrolman placed the name Gerald Ray in the PIN machine and found no one in the record by that name.

Another patrolman administered a breathalyzer test to defendant which produced a reading of .14 percent blood alcohol. Defendant also told this patrolman he was not driving the car.

Sheriff's deputies checked the area and could find no evidence "regarding somebody running through the woods." When the wrecker driver requested the keys to the car which collided with the Woods car, defendant "reached in his pocket and got the keys out."

Defendant testified on his own behalf as follows:

He had worked with Gerald Ray seven years previously, but had not seen him in a long time prior to encountering him at a bar the night the collision occurred. Defendant had consumed four or five drinks. He did not know how many Ray had consumed.

Defendant and Ray went to the home of defendant to get the keys to defendant's girl friend's car. Defendant had pled guilty to

driving under the influence three times in the previous ten year period. His license had been in suspension because of a DUI conviction. Consequently, Ray had driven.

Defendant last saw Ray when the car stopped following the accident. While defendant was at the Woods car, he heard something going through the woods. He looked toward his girl friend's car, did not see Ray coming from there toward the Woods car, and assumed that Ray had run.

Defendant admitted that he had produced the keys to the car when the wrecker came. He stated that he had pulled them out of the car when he went to look for the registration at the request of the investigating patrolman.

In ruling on the motion to dismiss, the foregoing evidence had to be considered in the light most favorable to the State, giving the State the benefit of every reasonable intendment and every reasonable inference to be drawn therefrom. If there was substantial evidence — direct, circumstantial, or both — to support a finding that the offense charged had been committed and that defendant committed it, a case was made for the jury, and the motion was properly denied. *State v. McKinney*, 288 N.C. 113, 117, 215 S.E. 2d 578, 581-82 (1975).

Defendant does not dispute that the evidence sufficiently establishes that the offense charged was committed. He contends, however, that it does not suffice to establish that he committed it.

While the evidence that defendant was the driver of the car which struck that of the decedent was entirely circumstantial, "the identity of the driver of an automobile at the time of a collision may be established by circumstantial evidence, either alone or in combination with direct evidence." *Helms v. Rea*, 282 N.C. 610, 616, 194 S.E. 2d 1, 5-6 (1973). "[C]ircumstantial evidence is not only a recognized and accepted instrumentality in the ascertainment of truth, but is essential, and, when properly understood and applied, highly satisfactory in matters of the gravest moment." *Helms* at 616-617, 194 S.E. 2d at 6, *quoting from State v. Alston*, 233 N.C. 341, 344, 64 S.E. 2d 3, 5 (1951).

Viewing the circumstantial evidence here in the light required by the governing principles stated above, we find it sufficient for the jury to pass on in view of the following:

Defendant was observed immediately following the collision exiting from the car which collided with decedent's car. No one other than defendant was observed in, at, or near that car at any time. Lloyd Messer and the Sheriff's deputies checked the woods area nearby and could find no evidence to support defendant's story that his friend who was driving ran through the woods. Defendant reached in his pocket and produced the keys to the car when the wrecker driver requested them.

Further, there were discrepancies within defendant's statements and between defendant's statements and the physical evidence. Defendant told Ms. Woods and Mr. Messer that his friend who had been driving owned the car, but he told the investigating patrolman the car belonged to his girl friend. He told the investigating patrolman the driver had exited from the driver's side, but the patrolman found the door on that side impossible to open because of the damage it had sustained in the collision. He indicated that he had known the driver for a long time, yet he was unable to describe anything about him except his clothes. Finally, there was no other evidence tending to show that the alleged driver even existed; and there was evidence tending to show that he did not. These discrepancies, together with the evidence set forth above tending to connect defendant and no one else to the death vehicle, were sufficient to render defendant's credibility an issue for the jury.

Defendant relies on *State v. Ray*, 54 N.C. App. 473, 283 S.E. 2d 823 (1981). In *Ray* the evidence failed to establish that the car occupied by defendant "had been operated recently." *Ray* at 475, 283 S.E. 2d at 825. The Court there stated that the car occupied by Ray "apparently" hit the other cars. *Ray* at 473, 283 S.E. 2d at 824. The evidence here was clearly sufficient to permit a finding that the car from which defendant exited was in operation at the time of the collision and that it did collide with the car occupied by the decedent. The cases thus are distinguishable.

Defendant also relies on *Jackson v. Virginia*, 443 U.S. 307, 61 L.Ed. 2d 560, 99 S.Ct. 2781 (1979). *Jackson* establishes that federal habeas corpus review of state criminal convictions will be allowed "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324, 61 L.Ed. 2d at 576-77, 99 S.Ct.

at 2791-92. We find the evidence here sufficient to permit a rational trier of fact to find proof of guilt beyond a reasonable doubt.

Defendant also contends the court erred in denying his motion to suppress evidence of his breathalyzer test. Evidence offered on *voir dire* supports the court's findings of fact, which in turn sustain the conclusions leading to denial of the motion. The denial thus was not error.

No error.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.