STATE OF NORTH CAROLINA v. THOMAS DANIEL LOCKAMY

No. 834SC19

(Filed 15 November 1983)

1. **Automobiles and Other Vehicles § 126.2— driving with blood alcohol content of .10 percent by weight— sufficiency of breathalyzer results**

   In light of G.S. 20-139.1 which provides that "[t]he percent by weight of alcohol in the blood shall be based upon milligrams of alcohol per 100 cubic centimeters of blood," evidence that a breathalyzer test showed the amount of alcohol in defendant's blood to be .10 percent was sufficient to support conviction of defendant for operating a motor vehicle with a blood alcohol content of .10 percent or more by weight although there was nothing in the record to show that defendant's blood alcohol level was measured by weight.

**2. Automobiles and Other Vehicles § 120— indictment for driving under the influence—conviction of driving with blood alcohol content of .10 percent**

> Defendant was not deprived of his constitutional rights to notice and due process when he was indicted under G.S. 20-138(a) for driving under the influence of intoxicants and was convicted under G.S. 20-138(b) of driving with a blood alcohol content of .10 percent or more.

**3. Criminal Law § 112.1— instructions on reasonable doubt from "insufficiency of proof"**

> The trial court did not err in instructing that a reasonable doubt is generated by "insufficiency of proof" without instructing further that such doubt could arise "out of the evidence" since the court used the words "insufficiency of proof" to refer to an insufficiency arising out of the evidence or out of the lack of evidence.

APPEAL by defendant from *Brown, Judge.* Judgment entered 29 September 1982 in Superior Court, SAMPSON County. Heard in the Court of Appeals 26 September 1983.

Defendant was charged pursuant to G.S. 20-138 with operating a motor vehicle while under the influence of alcoholic beverages. From a jury verdict convicting him of operating a motor vehicle with a .10 percent or more blood alcohol level, defendant appeals.

The State's evidence tended to show: At about 5:45 p.m. on 1 April 1982, State Highway Patrolman Sherwood Allcox was patrolling U. S. 701 when he observed defendant's vehicle cross over the center dividing line of the highway's two southbound lanes four or five times. He also observed that defendant's vehicle was traveling considerably slower than the posted speed limit of 55 m.p.h. Trooper Allcox stopped defendant and detected an odor of alcohol on or about defendant's clothing. He also observed that defendant's face was red and his eyes were watery. The Trooper placed defendant under arrest for driving under the influence.

At the magistrate's office that same day, Trooper Allcox observed Mr. Lockamy in a performance test. Mr. Lockamy was unsure and swaying in balance and walking tests. At 6:17 p.m., State Highway Patrolman J. B. Nipper, a trained and licensed breathalyzer operator, administered a breathalyzer exam to defendant that showed the amount of alcohol in defendant's blood to be .10 percent.

The defendant's evidence tended to show: On 1 April, defendant was driving back from Florida to Clinton, North Carolina, his

home. Defendant had left for Florida two days before and had not slept since that time. On 1 April, some time prior to 1:00 p.m., defendant had drunk two beers. He had also drunk two bottles of cough medicine because he had a bad cold. He had not consumed any other alcoholic beverages. Also, defendant had high blood pressure and had not taken his high blood pressure pills for three days.

*Attorney General Edmisten, by Myron C. Banks, Special Deputy Attorney General, for the State.*

*Brenton D. Adams, for defendant appellant.*

VAUGHN, Chief Judge.

[1] Defendant was convicted under G.S. 20-138(b), which makes it a crime to operate a vehicle when the amount of alcohol in the blood is .10 percent or more by weight. Defendant now contends that nothing in the Record shows that his blood alcohol level was measured by weight.

The trial judge instructed the jury that the results from the breathalyzer indicated that the amount of alcohol in defendant's blood was ten one hundredths of one percent by weight. Defendant contends that this instruction was unsupported by the evidence and that the charge against him should be dismissed as a matter of law. We disagree.

The breathalyzer test in the instant case was administered by a trained, licensed breathalyzer operator. The results from such test, showing the amount of alcohol in defendant's blood to be .10 percent were competent and admissible. G.S. 20-139.1; *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165 (1967).

Defendant cites cases from Missouri and Wisconsin holding that tests measuring alcohol in the blood by volume, rather than by weight, are inadmissible evidence. *See State v. Carwile,* 441 S.W. 2d 763 (Mo. Ct. App. 1969); *State v. Corsiglia,* 435 S.W. 2d 430 (Mo. Ct. App. 1968); *State v. Rodell,* 17 Wis. 2d 451, 117 N.W. 2d 278 (1962). The holdings in the *Corsiglia* and *Carwile* cases, which defendant relies on, were based on a Missouri statute, since amended, that provided that the percent of alcohol in the blood was based on milligrams of alcohol per milligrams of blood. The

amended Missouri statute now provides for a weight/volume ratio of alcohol to blood. *See State v. Sinclair*, 474 S.W. 2d 865 (Mo. Ct. App. 1971). Similarly, the Wisconsin statute, since amended, provides for a measurement of blood alcohol in terms of grams of alcohol per liters of breath. *See* Wis. Stat. Ann. § 885.235 (West 1983 supp.). Like the amended Missouri and Wisconsin statutes, our statute provides for a weight/volume ratio: "The percent by weight of alcohol in the blood shall be based upon milligrams of alcohol per 100 cubic centimeters of blood." G.S. 20-139.1.

In this country, we measure samples of blood alcohol by volume, and not by weight, and the results of blood alcohol tests are usually given as weight/volume and not weight/weight. *Commonwealth v. Brooks*, 366 Mass. 423, 431, 319 N.E. 2d 901, 906 (1974), *citing* Harger, Medicolegal Aspects of Chemical Tests of Alcoholic Intoxication, 39 J. Crim. L. and Criminology, 402 (1948). All the widely used testing instruments that report in terms of 'percentage' or 'percentage by weight' of alcohol in the blood actually use weight/volume percentage qualification. *Id.* at 431, 319 N.E. 2d at 907.

In light of G.S. 20-139.1, which adopts the generally accepted method for measuring alcohol in a person's blood, the trial judge was correct in admitting into evidence the results of a breathalyzer test, properly administered, and in instructing the jury in regard to such evidence.

[2] In his second Assignment of Error, defendant contends that the trial court erred in instructing the jury that they could return a possible verdict finding defendant guilty of operating a motor vehicle with a .10 percent or more blood alcohol level.

G.S. 20-138 states, in pertinent part:

> (a) It is unlawful . . . for any person who is under the influence of alcoholic beverages to drive or operate any vehicle . . .

> (b) It is unlawful for any person to operate any vehicle . . . when the amount of alcohol in such person's blood is 0.10 percent or more by weight . . . An offense under this subsection shall be treated as a lesser included offense of the offense of driving under the influence.

Defendant contends that G.S. 20-138(b) is not a lesser included offense of G.S. 20-138(a) and that, therefore, he was deprived of his constitutional rights to notice and due process of law when he was charged under subsection (a) of the statute and convicted under subsection (b).

It is well-recognized in North Carolina that when a defendant is indicted for a criminal offense, he may be convicted of the charged offense or of a lesser included offense when the greater offense charged contains all the essential elements of the lesser offense. *See, e.g., State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971); *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970). Although driving with a blood alcohol level of .10 percent or more is not necessarily included in the offense of driving under the influence, nevertheless, the General Assembly has expressly declared that it be treated as a lesser included offense. This Court has held that G.S. 20-138(b) is a constitutional exercise of police power by the General Assembly. *State v. Luckey,* 54 N.C. App. 178, 282 S.E. 2d 490 (1981), *appeal dismissed,* 304 N.C. 731, 288 S.E. 2d 381 (1982); *State v. Basinger,* 30 N.C. App. 45, 226 S.E. 2d 216 (1976). We see no reason to part from such holding.

In *State v. Basinger, supra,* we explained that even though evidence of blood alcohol level, necessary under G.S. 20-138(b), was not required to convict under G.S. 20-138(a), such evidence was, nevertheless, competent and could lead to a conviction under subsection (a). When the State produces evidence of a defendant's breath or blood, a defendant is thereby put on notice by statute that he may be convicted of either G.S. 20-138(a) or (b). *See id.*

Defendant, in this case, was charged with operating a motor vehicle while under the influence of alcoholic beverages in violation of G.S. 20-138. By such charge and by the evidence produced at trial, defendant received notice that he could be convicted under subsection (b) of the named statute. The judge was correct in instructing the jury on the possibility of such a verdict.

[3] Defendant lastly contends that the trial court erred in its definition of reasonable doubt. As part of his charge to the jury, the judge instructed:

> The State must prove to you that the defendant is guilty beyond a reasonable doubt.

[Now, this does not mean satisfied beyond any doubt, nor satisfied beyond all doubt, nor does it mean satisfied beyond a shadow of a doubt, or some vain, imaginary, or fanciful doubt. A reasonable doubt is not a doubt suggested by the ingenuity of counsel or by your own ingenuity not legitimately warranted by the evidence. A reasonable doubt is not a mere possible doubt for most things that relate to human affairs or ultimately some possible or imaginary doubt. A reasonable doubt is one based on common sense and reason generated by the insufficiency of proof.]

Absent a request, the trial judge is not required to define reasonable doubt and if he undertakes to give such definition, the law does not require any set formula. *See State v. Wells,* 290 N.C. 485, 226 S.E. 2d 325 (1976); *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133 (1954). The jury instruction in the instant case was in substantial accord with instructions on reasonable doubt approved by this Court and the Supreme Court in prior cases. *See State v. Faircloth,* 297 N.C. 100, 253 S.E. 2d 890, *cert. denied,* 444 U.S. 874, 100 S.Ct. 156, 62 L.Ed. 2d 102 (1979); *State v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146 (1940). We do not think the jury was misled or confused by such instruction. *See State v. Ward,* 286 N.C. 304, 210 S.E. 2d 407 (1974), *modified,* 428 U.S. 903, 96 S.Ct. 3206, 49 L.Ed. 2d 1207 (1976); *State v. Hammonds, supra.*

Defendant also argues that the trial judge erred in instructing that a reasonable doubt is generated by "insufficiency of proof" and in failing to instruct that such doubt could arise "out of the evidence." While it is error to instruct that a reasonable doubt arises from the evidence without also instructing that such doubt can arise from lack of evidence, an instruction such as the one in this case includes both propositions. *See State v. Swift,* 290 N.C. 383, 226 S.E. 2d 652 (1976); *State v. Hammonds, supra.* "Insufficiency of proof" refers to an insufficiency arising from the evidence or from insufficiency of the evidence. 290 N.C. at 399, 226 S.E. 2d at 664. Defendant was not prejudiced by such instruction.

No error.

Judges WHICHARD and PHILLIPS concur.