STATE OF NORTH CAROLINA v. RAYMOND EDWARD BARBOUR

No. 9015SC1081

(Filed 17 December 1991)

1. **Criminal Law § 532 (NCI4th)— juror's conversation with witness—mistrial denied—no abuse of discretion**

    The trial court did not abuse its discretion in denying defendant's motion for a mistrial following a juror's conversation with a police officer who was a witness for the State where the trial court questioned the juror and determined that the conversation was not related to the case but pertained to the juror's knowledge of the witness as a child, the court concluded that no other juror had heard the conversation, and the court excused the juror.

    **Am Jur 2d, Trial § 1609.**

    **Prejudicial effect, in criminal case, of communications between witnesses and jurors. 9 ALR3d 1275.**

2. **Evidence and Witnesses § 299 (NCI4th)— possession of firearm by felon—relevancy of prior conviction—extraneous information on judgment—balancing of relevancy and prejudice**

    A copy of the judgment in defendant's prior murder conviction was admissible in a prosecution for possession of a firearm by a felon to show that defendant was a felon, and, in the absence of a motion to strike extraneous information on the document concerning defendant's not guilty plea and sentencing on the murder charge, the trial judge acted within his discretion in determining that the relevance of the evidence outweighed its prejudice to defendant.

    **Am Jur 2d, Evidence § 322.**

3. **Assault and Battery § 116 (NCI4th)— felonious assault—instruction on lesser offense not required**

    The trial court in a prosecution for assault with a deadly weapon inflicting serious injury did not err in refusing to instruct the jury on the lesser included offense of assault with a deadly weapon where the State's uncontradicted evidence showed that a bullet ricocheted off the victim's pelvis, the victim spent thirty-five days on his back looking straight up,

and the injury resulted in great pain, hospitalization and loss of work.

**Am Jur 2d, Assault and Battery §§ 50, 107.**

**4. Criminal Law § 757 (NCI4th) — reasonable doubt — instructions**

The trial court's instructions on reasonable doubt were sufficient, and the court did not err in refusing to give the pattern jury instruction on reasonable doubt.

**Am Jur 2d, Trial § 1373.**

**5. Criminal Law § 787 (NCI4th) — refusal to instruct on accident**

The trial court did not err in refusing to instruct on the defense of accident in this prosecution for felonious assault where defendant presented no evidence which would support a finding that the shooting in question was an accident.

**Am Jur 2d, Trial § 1259.**

**6. Criminal Law § 1156 (NCI4th) — felonious assault — aggravating factor — use of deadly weapon**

The trial court erred in finding as an aggravating factor for assault with a deadly weapon with intent to kill inflicting serious injury that defendant was armed and used a deadly weapon at the time of the crime because the use of a deadly weapon was an element of the crime for which defendant was convicted.

**Am Jur 2d, Assault and Battery § 108; Criminal Law §§ 598, 599.**

APPEAL by defendant from judgment entered by *Judge D. M. McLelland* on 14 June 1990 in ALAMANCE County Superior Court. Heard in the Court of Appeals 22 August 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Philip A. Telfer and Assistant Attorney General Donald W. Laton, for the State.*

*Van Camp, West, Webb & Hayes, P.A., by James R. Van Camp, Eddie H. Meacham and W. Carole Holloway, for defendant-appellant.*

STATE v. BARBOUR

[104 N.C. App. 793 (1991)]

LEWIS, Judge.

Evidence at trial tended to show that on 15 December 1989 Jackie Grumbles was at home with Teresa Rodriguez and Brenda Derk. Upon hearing a knock at the door, Grumbles went to answer it. Grumbles testified that when he opened the door the defendant pointed a gun at his chest. Grumbles grabbed the defendant's arm, pulling the gun down, at which time it went off, injuring Grumbles. After a fight for the gun, defendant fled.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury and possession of a firearm by a felon by a grand jury in Alamance County on 22 January 1990. The case was tried and the jury found the defendant guilty of both charges on 14 June 1990. The defendant was sentenced to two concurrent sentences of two years each. Defendant appeals.

[1] Defendant assigns as error the court's denial of a motion for a mistrial following a juror's conversation with a police officer who was a witness for the State. Though this assignment of error was not properly preserved by a timely objection at trial, in our discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure, we will address it here. Where juror misconduct is brought to the attention of the trial court, the trial judge has a duty to investigate the matter and make appropriate inquiry. *State v. Childers*, 80 N.C. App. 236, 244, 341 S.E.2d 760, 765 (1986). The record discloses that the trial judge questioned the juror as to the content of the conversation, that the conversation was not related to the case but pertained to the juror knowing the witness as a child and that the trial court excused that juror and concluded that no other juror had heard the conversation. The decision as to whether to grant a mistrial for jury misconduct is within the sound discretion of the trial judge. *State v. Johnson*, 295 N.C. 227, 234, 244 S.E.2d 391, 396 (1978). Our review of the record leads us to the conclusion that the trial judge duly investigated the matter and that he did not abuse his discretion in concluding that the defendant was not prejudiced.

[2] The defendant alleges that the trial court erred in admitting into evidence a copy of the judgment in defendant's prior murder conviction because that document contained irrelevant information concerning the defendant's prior plea of not guilty and defendant's sentencing on the prior charge. Evidence of a prior conviction was clearly admissible pursuant to the charge of possession of a firearm

by a felon, to show that the defendant was a felon. Documentary proof of the conviction had not previously been entered into evidence. In the absence of a motion to request to strike the extraneous information on the document, the trial judge acted within his discretion in determining that the relevance of the evidence outweighed its prejudice to the defendant. *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 434-35 (1986).

[3] Defendant next asserts that the trial court erred in refusing to instruct the jury on the lesser included offense of assault with a deadly weapon in addition to the offense of assault with a deadly weapon resulting in serious injury. The State's uncontradicted evidence showed that the bullet ricocheted off Mr. Grumble's pelvis, that Mr. Grumbles had to spend thirty-five days on his back looking only straight up and that the injury resulted in great pain, hospitalization and loss of work. This testimony, uncontradicted by other evidence, is sufficient to sustain the ruling of the trial court that an instruction on the lesser offense was unwarranted. *State v. Springs*, 33 N.C. App. 61, 64, 234 S.E.2d 193, 196 (1977).

[4] Defendant assigns as error the trial court's instruction to the jury on reasonable doubt. Defendant requested the trial court to instruct the jury on reasonable doubt, using the pattern jury instruction. The court replied that the requested instruction would be given "in substance." The court then stated to the jury as follows:

> A reasonable doubt is not a vain, imaginary or fanciful doubt, but is a sane, rational doubt which arises from the evidence or the lack or insufficiency of the evidence as the case may be. Proof beyond a reasonable doubt is proof that fully satisfies you to a moral certainty that the defendant is guilty. It is not required that proof of guilt be beyond all doubt, any doubt, or any shadow of a doubt, but beyond a reasonable doubt.

A functionally equivalent instruction on reasonable doubt was upheld by this Court in *State v. Lockamy*, 65 N.C. App. 75, 80, 308 S.E.2d 750, 754 (1983). A jury instruction will be upheld if it is in substantial accord with those previously accepted by the courts, and where there is no reason to conclude that the jury was misled or confused by it. *Id.*

[5] Defendant argues that the trial court erred in refusing to give an instruction on the defense of accident. At trial the defendant requested a pattern jury instruction on accident. The defendant

cites two cases, *State v. Wright*, 28 N.C. App. 481, 221 S.E.2d 745 (1976) and *State v. Moore*, 26 N.C. App. 193, 215 S.E.2d 171 (1975), in which this Court overturned a conviction because the trial judge failed to give an instruction on accident. However, in both of the cases relied upon by the defendant, the defense of accident was a "substantial feature" of the case. *Id.* Our review of the record and of defendant's brief fails to reveal that the defendant presented any evidence to the effect that the shooting was an accident. Furthermore, the requested jury instruction is expressly predicated on the defendant's offering of "evidence tending to show that the alleged assault was accidental," and as such was unsupported by the evidence actually presented by the defendant at trial. Where the issue of the defense of accident was not a "substantial factor" in the case, the trial judge acted within his discretion in refusing to give the instruction.

[6] Finally, defendant asserts that the trial court erred in finding as an aggravating factor that the defendant was armed and used a deadly weapon at the time of the crime because this was already an element of the crime for which the defendant was found guilty. We agree. "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation." N.C.G.S. § 15A-1340.4(1). The trial court, in sentencing, cannot rely upon the aggravating factor of the defendant's use of a deadly weapon when the defendant is convicted of a N.C.G.S. 14-32 assault. *State v. Braswell*, 67 N.C. App. 609, 614-15, 313 S.E.2d 216, 220 (1984). The defendant is therefore entitled to a new sentencing hearing.

Defendant's conviction at trial is affirmed. We remand for a new sentencing hearing consistent with this opinion.

Affirmed.

Remanded for resentencing.

Judges COZORT and ORR concur.