An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-22

NORTH CAROLINA COURT OF APPEALS

Filed:  19 August 2014

STATE OF NORTH CAROLINA

v.

Macon County
Nos. 12 CRS 51062, 702006

ALFRED MICHAEL SCRUGGS


Appeal by defendant from judgments entered 24 July 2013 by Judge Marvin P. Pope in Macon County Superior Court.  Heard in the Court of Appeals 4 August 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Neil Dalton, for the State.*
>
> *Jon W. Myers for defendant-appellant.*


ERVIN, Judge.


Defendant Alfred Michael Scruggs appeals from judgments sentencing him to active terms of imprisonment based upon his convictions for driving while subject to an impairing substance and driving while license revoked.  On appeal, Defendant contends that the trial court erred by denying his motions to dismiss the driving while subject to an impairing substance and driving while license revoked charges that had been lodged

against him for insufficiency of the evidence. After careful consideration of Defendant's challenges to the trial court's judgments in light of the record and the applicable law, we conclude that the trial court's judgments should remain undisturbed.

## I. Factual Background

## A. Substantive Facts

At approximately 1:00 a.m. on 18 October 2012, Corporal Michael Langley, Sr., of the Macon County Sheriff's Office responded to a report that there had been a motor vehicle accident on West Old Murphy Road in Macon County. Upon arriving at the scene of the accident, Corporal Langley observed a tan Ford Explorer lying in the middle of the road with the driver's side of the vehicle against the pavement. As a result of the fact that Defendant was still in the vehicle, he had to be extricated through the rear window and tailgate area. At the time of his removal from the wrecked vehicle, Defendant was "wobbly," "unstable," and needed assistance from emergency medical personnel. After Trooper Brandon Padgett of the North Carolina State Highway Patrol arrived on the scene, Corporal Langley turned responsibility for investigating the accident over to him.

-3-

At the time that Trooper Padgett located Defendant, he was standing in an ambulance completing various documents. After determining that the vehicle that had been involved in the accident was registered to Defendant, Trooper Padgett returned to the location at which Defendant was situated and asked him to step out of the ambulance. At the time that he left the ambulance, Defendant was unsteady on his feet and needed assistance. As he assisted Defendant, Trooper Padgett detected a "very strong" odor of alcohol about Defendant's breath and person. When he began interviewing Defendant, Trooper Padgett asked Defendant to lean against his patrol vehicle so that Defendant did not fall. According to Trooper Padgett, Defendant was "very unsteady," "[h]is speech was very slurred and mumble-ish," his "eyes were very glassy and droopy," and he "kept his head down."

At the time that he spoke with Defendant, Trooper Padgett asked Defendant what had happened. In response, Defendant stated that "'I'm f[-]ed up,' and 'I really f[-]ed up,' and 'I didn't do anything.'" After refusing to take a breath test or perform any field sobriety tests, Defendant told Trooper Padgett to take him to jail. However, instead of being transported to the Macon County Jail, Defendant was taken to the hospital,

where Officer Padgett heard him tell medical personnel that he had consumed "[t]welve beers, no, eight, no, six."

## B. Procedural History

On 18 October 2012, citations charging Defendant with driving while subject to an impairing substance, reckless driving, driving while license revoked, and driving a vehicle containing an open container of an alcoholic beverage were issued. On 8 May 2013, Defendant was found guilty of driving while subject to an impairing substance and driving while license revoked.[1] Based upon Defendant's pleas, Judge Monica H. Leslie entered judgments sentencing Defendant to a term of 24 months imprisonment based upon his conviction for driving while subject to an impairing substance and to a consecutive term of 60 days imprisonment based upon his conviction for driving while license revoked. Defendant noted an appeal from Judge Leslie's judgment to the Macon County Superior Court for a trial *de novo*.

On 17 June 2013, the State filed a notice announcing that it intended to prove as grossly aggravating factors that Defendant had been convicted of driving while subject to an impairing substance on two occasions within the seven years prior to 18 October 2012 and that Defendant's license was revoked as the result of an impaired driving conviction on 18

---

[1]The reckless driving and open container charges were dismissed at the end of the State's evidence.

October 2012.  The charges against Defendant came on for hearing before the trial court and a jury at the 22 July 2013 criminal session of the Macon County Superior Court.  On 24 July 2013, the jury returned verdicts convicting Defendant of driving while subject to an impairing substance and driving while license revoked and finding that Defendant "ha[d] two convictions for impaired driving which occurred within seven (7) years before the date of this offense" and that "Defendant drove at the time of the current offense, while [his] drivers license was revoked under [N.C. Gen. Stat. §] 20-28 and the revocation was an impaired driving revocation under [N.C. Gen. Stat. §] 20-28.2(a)."  At the conclusion of the ensuing sentencing hearing, the trial court determined that Defendant should be sentenced as an aggravated Level I offender in the case in which he had been convicted of driving while subject to an impairing substance and entered judgments sentencing Defendant to a term of 36 months imprisonment based upon his conviction for driving while subject to am impairing substance and to a consecutive term of 120 days imprisonment based upon his conviction for driving while license revoked.  Defendant noted an appeal to this Court from the trial court's judgments.

II. Substantive Legal Analysis

In his brief, Defendant argues that the trial court erred by denying his motions to dismiss the driving while subject to an impairing substance and driving while license revoked charges that had been lodged against him for insufficiency of the evidence. More specifically, Defendant contends that the record evidence did not suffice to support a determination that he was operating a motor vehicle on the night of 18 October 2012. We do not find Defendant's argument persuasive.

"'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 121 S. Ct. 213, 148 L. Ed. 2d 150 (2000). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 115 S. Ct. 2565, 132 L. Ed. 2d 818 (1995).

"The essential elements of [driving while subject to an impairing substance] are: (1) Defendant was driving a vehicle; (2) upon any highway, any street, or any public vehicular area within this State; (3) while under the influence of an impairing substance." *State v. Mark*, 154 N.C. App. 341, 345, 571 S.E.2d 867, 870 (2002), *aff'd*, 357 N.C. 242, 580 S.E.2d 693 (2003) (per curiam) (citing N.C. Gen. Stat. § 20-138.1). "To convict a defendant . . . of driving while his license is revoked the State must prove beyond a reasonable doubt (1) the defendant's operation of a motor vehicle (2) on a public highway (3) while his operator's license is revoked." *State v. Richardson*, 96 N.C. App. 270, 271, 385 S.E.2d 194, 195 (1989) (citing *State v. Atwood*, 290 N.C. 266, 271, 225 S.E.2d 543, 545 (1976)). The State must also prove that the defendant had actual or constructive knowledge of the revocation of his license. *Id.*

In reliance upon our decision in *State v. Ray*, 54 N.C. App, 473, 475, 283 S.E.2d 823, 825 (1981) (holding that evidence that the defendant was observed "'halfway [in] the front seat'" of a vehicle did not suffice to support a determination that the defendant had been driving the vehicle), Defendant claims that his mere presence in the wrecked vehicle, which is all that he conceded that the record showed, did not suffice to support a determination that he had been driving. We also noted in *Ray*,

however, that, even though "other circumstantial evidence . . . would have bolstered the State's case," none was offered. *Id.* The additional circumstantial evidence lacking in *Ray* is clearly present here.

The record developed at trial in this case demonstrated that (1) Defendant was found alone in the vehicle; (2) Defendant could not extricate himself from the vehicle, allowing a reasonable juror to conclude that, if Defendant needed assistance to exit the vehicle, any other occupants would have needed such assistance as well; (3) Defendant made remarks, such as "I really f[-]ed up," which could be viewed as an incriminating admission that Defendant knew that he had done something that he should have refrained from doing; and (4) the vehicle was registered in Defendant's name. In view of the fact that the evidence contained in this record showed considerably more than that Defendant had been discovered in a wrecked vehicle, we have no hesitation in concluding that the record provided ample justification for a decision that Defendant was driving the Ford Explorer involved in the accident on the night in question. As a result, the trial court did not err by denying Defendant's dismissal motions.

## III. Conclusion

Thus, for the reasons set forth above, Defendant's challenges to the trial court's judgments lack merit. As a result, the trial court's judgments should, and hereby do, remain undisturbed.

NO ERROR.

Judges ROBERT C. HUNTER and STEPHENS concur.

Report per Rule 30(e).